UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

TRISHAWN JOHNSON,

                                        Plaintiffs,

              -against-

CITY OF NEW YORK, DETECTIVE NICHOLAS
MASON, SERGEANT MICHAEL DANNECKER,
JOHN DOE POLICE OFFICER 1-2,

                                        Defendants.
------------------------------------------------------------------ X

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

10 CV 4608 (FB) (SMG)

**WHEREAS,** plaintiff commenced this action by filing a complaint in the Eastern District of New York on or about October 7, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.      The City of New York hereby agrees to pay plaintiff Trishawn Johnson the sum of TWENTY THOUSAND DOLLARS ($20,000) in full satisfaction of all of plaintiff's claims, including claims for costs, expenses, and attorneys' fees.  In consideration for the

payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the named defendants, the City of New York, Nicholas Mason and Michael Dannecker, and to release all of defendants, including the defendants named herein as "JOHN DOE POLICE OFFICER 1-2," and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens.  If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

2

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless the City of New York and defendants Nicholas Mason, Michael Dannecker and the individuals named herein as "JOHN DOE POLICE OFFICER 1-2" regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  Brooklyn, New York
          _____, 2011

Cynthia Helen Conti-Cook                          MICHAEL A. CARDOZO
Stoll Glickman & Belline LLP                      Corporation Counsel of the
*Attorneys for Plaintiff*                            City of New York
475 Atlantic Ave., Fl.3                           *Attorney for Defendants*
Brooklyn, NY 11217                                100 Church Street, Rm. 3-137
718-852-3710                                      New York, New York 10007
                                                  (212) 676-1347


By: _____           By: _____
          Cynthia Conti Cook                      Matthew Weir
    *Attorney for Plaintiff*                         *Assistant Corporation Counsel*



                                        SO ORDERED:


                                        _____
                                        HON. FREDERIC BLOCK
                                        UNITED STATES DISTRICT JUDGE

4